1200/09-6051.SP;srb

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TIMOTHY C. TURNGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 4:09 CV 0081 |
| ) | |
| The Honorable DUANE DAUGHERTY; and ) | |
| JASPER COUNTY, Indiana, ) | |
| ) | |
| Defendants. ) | |

## JASPER COUNTY'S MOTION TO DISMISS

Defendant JASPER COUNTY by its attorney Jeanne M. Anderson of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD., moves pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) to dismiss Count III of Plaintiff's complaint and all claims alleged against Defendant Jasper County.

1. Plaintiff misconstrues the relationship between an Indiana judge and a county in ¶7 of his complaint. An Indiana judge is an officer (not an employee) of the State. *Woods v. City of Michigan City, Indiana*, 940 Fed.2d 275, 279 (7th Cir. 1991); *Board of Trustees of the Public Employees' Retirement Fund v. Hill*, 472 N.E.2d 204, 209 (Ind. 1985).

2. The only federal claim alleged against Jasper County is a §1983 *Monell* claim that should be dismissed as a matter of law because the county is not liable for the acts of a state official, i.e., Judge Daugherty. *See Woods.*

3. Where a plaintiff seeks to hold a municipality liable under §1983, the initial inquiry is whether there is a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff failed to plead any facts to suggest a causal connection between Judge Daugherty's conduct as a state official and Jasper County. Accordingly, Jasper County seeks dismissal of Count III of Plaintiff's complaint.

4.  The statute of limitations that federal courts must borrow in §1983 suits is the statute of limitations for personal injury suits. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Indiana, the statute of limitations for personal injury suits is two years. I.C. §34-11-2-4(1). As the Supreme Court recognized in *Wallace v. Kato*, 549 U.S. 384, 391, 127 S.Ct. 1091, 1097 (2007) the statute of limitations begins to run when the wrongful act or omission results in damages. Plaintiff alleged in ¶¶10-13 of his complaint that he appeared without counsel at an initial hearing and requested an attorney be appointed at the public's expense to represent him and his request was denied on or about March 14, 2006 (sic) 2005. Plaintiff filed his complaint on or about November 4, 2009 well over two years beyond his first request and alleged denial of right to counsel on or about March 14, 2006 (sic) 2005. Accordingly, Plaintiff's §1983 claim is time barred and should be dismissed as a matter of law against the Defendant Jasper County.

5.  Plaintiff's allegations of a state law claim pursuant to the Indiana constitution fails because Judge Daugherty is an officer of the state not an employee of Jasper County. *See* I.C. §34-13-3-3(10). Nor is there a basis for liability under *respondeat superior* because the judge is not an employee of the county and Jasper County does direct or control the actions of a judicial officer, such as, Judge Daugherty. *See Gisler v. City of Indianapolis*, No. I. 96-0236-C-T/G, 1997 WL 33330756 at *6 (S.D.Ind. Aug. 26, 1997). Accordingly, any state claim directed against Jasper County should be dismissed.

6.      Where an Indiana judge is a state official for Eleventh Amendment purposes and Indiana has not consented to suit and Congress did not properly abrogate the states' sovereign immunity under §1983, this Court lacks subject matter jurisdiction to hear Plaintiff's claims as they relate to Jasper County. *See Orange v. Burge*, No. 04 C 0168, 2005 WL 742641 at *17 (N.D.Ill. March 30, 2005).

WHEREFORE, Defendant JASPER COUNTY respectfully requests that this Honorable Court dismiss with prejudice Count III of Plaintiff's complaint and any and all state claims alleged in Plaintiff's complaint directed at Defendant JASPER COUNTY.

Respectfully submitted,

/s/ Jeanne M. Anderson
Jeanne M. Anderson

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for **JASPER COUNTY**
5600 North River Road, Suite 600
Rosemont, IL   60018-5114
847/261-0700; FAX: 847/261-0714
EMAIL: Janderson@khkklaw.com
6051 M Dismiss 09-12-17

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on the 22nd day of December, 2009, the foregoing was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System which will send notification of such filing to the following:

Eric J. Beaver – Eric.Beaver@atg.in.gov

and

    Timothy Turngren    via U.S. Mail
    6645 Simpson Road
    Rockford, IL 61102

                                  /s/ Jeanne M. Anderson
                                  Jeanne M. Anderson, of KNIGHT, HOPPE,
                                  KURNIK & KNIGHT, LTD.

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorney for Defendant, Jasper County
5600 N. River Road, Suite 600
Rosemont, IL 60018-5114
(847) 261-0700
(847) 261-0714 (fax)

6051 M Dismiss 09-12-17