1200/09-6051.SP;srb

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TIMOTHY C. TURNGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 4:09 CV 0081 |
| ) | |
| The Honorable DUANE DAUGHERTY; and ) | |
| JASPER COUNTY, Indiana, ) | |
| ) | |
| Defendants. ) | |

**JASPER COUNTY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant JASPER COUNTY by and through its attorney, Jeanne M. Anderson of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD., in support of its Motion to Dismiss, states as follows:

**INTRODUCTION**

Plaintiff's complaint alleges, *inter alia*, that Defendant Judge Daugherty denied Plaintiff his right to counsel and that Jasper County as a political subdivision of the State of Indiana is responsible for maintaining the elected office of circuit judge. Counts I and II of Plaintiff's complaint are directed against Judge Daugherty only. Count III is directed against this Defendant, Jasper County and Judge Daugherty, and alleges a §1983 *Monell* claim based on a custom, policy and practice of both Judge Daugherty and Jasper County to deny indigent individuals the right to counsel in violation of the Sixth Amendment and the Fourteenth Amendment to the United States Constitution. Plaintiff also alleges a state law claim against the Defendant (complaint does not specify which defendant) for violation of the right to counsel under the Indiana Constitution, Article I, §13.

I. **PLAINTIFF'S *MONELL* CLAIM AGAINST JASPER COUNTY SHOULD BE DISMISSED AS A MATTER OF LAW BECAUSE JUDGE DAUGHERTY IS A STATE OFFICER, NOT A COUNTY EMPLOYEE.**

The Seventh Circuit squarely addressed the issue before this Court as to whether a city or county could be liable under *Monell* for the actions of a judge sitting in LaPorte Superior Court. *Woods v. City of Michigan City, Indiana*, 940 Fed.2d 275 (7th Cir. 1991). The court's holding in *Woods* is dispositive in this case. The court gave a detailed analysis of liability under *Monell*.

The standards establishing municipal liability under §1983 are set out in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.2d 611 (1978), where the Supreme Court decided that a municipality can be found liable under §1983 only where the municipality itself causes the constitutional violation at issue. *Woods*, 940Fed.2d at 278. It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be liable under §1983. *Id.* Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. *Id.* Recovery from a municipality is limited to acts that are, properly speaking, acts of the municipality – that is, acts which the municipality has officially sanctioned or ordered. *Id.* citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-480, 106 S.C. 1292, 1298-99, 89 L.Ed. 452 (1986).

Further, the court in *Woods* recognized that municipal liability under §1983 attaches only where the decision maker possesses final authority to establish municipal policy with respect to the action ordered. *Id.* Of course, whether an official had final policymaking authority is a question of state law. *Id.* The Supreme Court in *Pembaur* concluded municipal liability under §1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final

policy with respect to the subject matter in question. *Id.* With these standards in mind the *Woods* court considered whether as a matter of law, a LaPorte Superior Court judge is a final policymaking authority for the City of Michigan City or LaPorte County. *Id.*

Indiana law reveals that judges of Indiana's circuit, superior and county courts, are judicial officers of the State's judicial system: "They are not county officials." *Id.* at 279 quoting *Pruitt v. Kimbrough*, 536 F.Supp. 764, 766 (N.D.Ind.) *aff'd.* 705 F.2d 462 (7th Cir. 1982). County courts in Indiana are exclusively units of the judicial branch of the state's constitutional system. *Id.* The court in *Woods* found that because a superior court judge in Indiana is considered to be an official of the state, the plaintiff's claim that the judge was an official of the city or county, or that his bond schedule is an "act that" Michigan City or LaPorte County have "officially sanctioned or ordered" is unfounded. *Id. Pembaur* requires that municipal liability under §1983 attaches where, and only where, a deliberate choice to follow a course of action is made by the official . . . responsible for establishing final policy. *Id.* No municipal liability attached in *Woods* because the judge under Indiana law was not an official *vis a vis* the city and the county. *Id.* The court concluded that the city and the county could not be held liable under §1983 unless the plaintiff proved the existence of an unconstitutional municipal policy initiated by a final policymaker for the municipalities. *Id.* Plaintiff, by naming Judge Keppen, as the source of the constitutional deprivation, detached the local government from the unconstitutional policy. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L.Ed. 107 (1988). Finally, the court concluded that the city and county could not be held liable under §1983 to the plaintiff in *Woods*. *Id.*

In *Sims v. Kernan*, 29 F.Supp.2d 952, 957-58 (N.D.Ind. 1998), the plaintiff sued St. Joseph County, alleging that the county had an unwritten policy that its judges would not rule

against the county or the county police. The court recognized that the Eleventh Amendment does not protect municipalities from being sued in federal court in their official capacities, and that a suit against a county based on a policy may be valid. *Id.* However, the court found that judges of the Indiana's circuit, superior and county courts are not county officials, they are judicial officers of the state judicial system. *Id.* Accordingly, plaintiff could not sue St. Joseph County based on actions or inactions of judges of the St. Joseph Circuit or Superior Courts. *Id. See also Board of Trustees of Public Employees' Retirement Fund v. Hill*, 472 N.E.2d 204, 209 (Ind. 1995) (Indiana Supreme Court agreeing that a judge is an officer of the State and that the holding in P*ruitt* that Indiana judges are state and not county officials undoubtedly was correct on the point). Because it is beyond dispute that under Indiana law judges are officials of the state and not the county, Plaintiff's Count III for *Monell* liability against Jasper County should be dismissed as a matter of law.

## II.  PLAINTIFF'S CLAIM BASED ON THE ALLEGED VIOLATION OF HIS CONSTITUTIONAL RIGHT TO COUNSEL IS TIME BARRED.

The statute of limitations that the federal court must follow in §1983 suits is the statute of limitations for personal injury suits. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Indiana, the statute of limitations for personal injury suits is two years. I.C. §34-11-2-4(1). As the Supreme Court recognized in *Wallace v. Kato*, 549 U.S. 384, 391, 127 S.Ct. 1091,1097 (2007) under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable. *Id.* Were it otherwise, the statute will begin to run only after the plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party

seeking relief. *Id.* The *Wallace* court concluded that the statute of limitations on petitioner's §1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial. *Id.* Because more than two years elapsed between the date and the filing of his suit, the action was time barred. *Id.* at 392. Applied here, the statute of limitations would begin to run when the wrongful act alleged with respect to denial of right to counsel resulted in damages. According to the facts pled in Plaintiff's complaint in ¶¶10-13, Plaintiff appeared without counsel and his request that an attorney be appointed at the public expense to represent him was denied as early as March 14, 2006 (sic), May 11, 2005, August 2, 2005, August 4, 2005, August 5, 2005 and September 1, 2005. The statute of limitations on Plaintiff's §1983 claim commenced to run when he appeared before Judge Daugherty on March 14, 2005 without counsel for the initial hearing and requested that an attorney be appointed at the public expense to represent him and his request was denied. Since more than two years has elapsed between that date, March 14, 2005, and the filing of this lawsuit on or about November 4, 2009 – the action is time barred.

### III. JASPER COUNTY IS IMMUNE FROM LIABILITY UNDER THE INDIANA TORT CLAIMS ACT FOR ACTS COMMITTED BY JUDGE DAUGHERTY, A STATE OFFICIAL.

Jasper County is a governmental entity within the meaning of the ITCA and therefore enjoys immunity conferred by the statute pursuant to Indiana Code §34-13-3-3. *See* I.C.§ 34-6-2-110 providing, in pertinent part, "political subdivisions, for purposes of § 34-13-3 means (1) a county. Section 34-13-3-3(10) provides, "a governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from [t]he act or omission of anyone other than the governmental entity or the governmental entity's employee. As clearly established above, Judge Daugherty is an officer of the State of Indiana and not an employee of

the governmental entity known as Jasper County. Accordingly, Jasper County is immune from liability for the acts or omissions of Judge Daugherty.

Nor can Plaintiff allege a finding of liability under *respondeat superior* where Jasper County did not have the right to control or direct the conduct of Judge Daugherty. *Gisler v. City of Indianapolis*, No. I. 96-0236-C-T-G, 1997 WL 33330756 at *6 (S.D.Ind. Aug. 26, 1997). Without such a right, no employer-employee relationship existed between Jasper County and Judge Daugherty. *Id.* In the absence of such a relationship, the county cannot be held liable under the theory of *respondeat superior* for Judge Daugherty's negligent acts that may have harmed Plaintiff. *Id.* Accordingly, any state law claims against the Defendant Jasper County should be dismissed as a matter of law.

### IV. BECAUSE JUDGE DAUGHERTY IS AN OFFICER OF THE STATE, THE ELEVENTH AMENDMENT DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST JASPER COUNTY.

A federal court must look to state law to determine whether a local government entity, such as a county, must be treated as an entity of the State for Eleventh Amendment purposes. *Mount Healthy City School Board of Education v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed. 471 (1977). As established above a judge is a state official for Eleventh Amendment purposes under Indiana law. As the Supreme Court held in *Quern v. Jordan*, 440 U.S. 332, 342-45, 99 S.Ct. 1139, 59 L.Ed. 358 (1979), Congress did not intend to abrogate the states' Eleventh Amendment sovereign immunity when it passed §1983. Because Indiana has not consented to the suit and Congress did not properly abrogate the states' sovereign immunity under §1983, this Court lacks subject matter jurisdiction to hear Plaintiff's claim as they relate to Jasper County. *See Orange v. Burge*, No. 04 C 0168, 2005 WL 742641 at *16-17 (N.D.Ill. March 30, 2005).

WHEREFORE, the Defendant JASPER COUNTY respectfully requests this Honorable Court dismiss with prejudice Count III of Plaintiff's complaint and any and all remaining state claims alleged in Plaintiff's complaint and directed against Defendant JASPER COUNTY.

        Respectfully submitted,

        /s/ Jeanne M. Anderson
        Jeanne M. Anderson

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for **JASPER COUNTY**
5600 North River Road, Suite 600
Rosemont, IL   60018-5114
847/261-0700; FAX: 847/261-0714
EMAIL: Janderson@khkklaw.com
6051 Memo Mdismiss 09-12-17

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on the 22nd day of December, 2009, the foregoing was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System which will send notification of such filing to the following:

    Eric J. Beaver – Eric.Beaver@atg.in.gov

and

    Timothy Turngren    via U.S. Mail
    6645 Simpson Road
    Rockford, IL 61102

    /s/ Jeanne M. Anderson
    Jeanne M. Anderson, of KNIGHT, HOPPE,
    KURNIK & KNIGHT, LTD.

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorney for Defendant, Jasper County
5600 N. River Road, Suite 600
Rosemont, IL 60018-5114
(847) 261-0700
(847) 261-0714 (fax)

6051 Memo MDismiss 09-12-17