UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DISTRICT

| | |
|---|---|
| TIMOTHY TURNGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: 4:09-CV-0081-JTM-APR |
| ) | |
| THE HONORABLE DUANE ) | |
| DAUGHERTY, ) | |
| Judge of the Jasper County Circuit Court, ) | |
| and JASPER COUNTY, INDIANA ) | |
| | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS HON. DUANE DAUGHERTY'S AND
HON. JOHN D. POTTER'S MOTION TO DISMISS THE COMPLAINT**

Defendant, Hon. Duane Daugherty in his individual capacity and Hon. John D. Potter in his official capacity as Judge of the Jasper County Circuit Court (collectively referred to as the "judicial defendants"), by counsel, Eric J. Beaver, Deputy Attorney General, have moved to dismiss the complaint filed by Plaintiff Timothy Turngren pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

This is an action arising under 42 U.S.C. § 1983 in which the plaintiff has sued an Indiana judge for a ruling made in a criminal prosecution in which Turngren was the defendant. Judge Daugherty presided over that criminal prosecution against Turngren during which he denied Turngren's request for the court to appoint counsel in 2005—a ruling which the complaint alleges caused the Indiana Court of Appeal to reverse Turngren's conviction for child molesting. Now Turngren has sued Judge Daugherty for making that ruling and allegedly denying him the right to counsel.

Judge Daugherty is absolutely immune from this lawsuit against him because he has been sued for a ruling he made as a judge. The complaint also names Judge Daugherty in his official capacity and his successor, Hon. John D. Potter, has been automatically substituted pursuant to Fed. R. Civ. P. 25(d). Because a suit against an Indiana circuit judge in his official capacity is akin to a suit against the State itself, the Eleventh Amendment bars the claim. And because there is no basis for equitable relief, all claims against the Judge of the Jasper County Circuit Court must be dismissed. All claims must be dismissed because the applicable two-year statute of limitation ran long before the filing of this lawsuit. Finally, no claims arising under Indiana law are alleged and any event could not proceed. For these reasons the complaint states no claim and must be dismissed.

### I. LEGAL STANDARD: MOTION TO DISMISS

The judicial defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for its failure to state a claim against them upon which relief can be granted. To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The 'short and plain statement' must be enough "to give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) and noting that the Supreme Court in *Twombly*, 127 S. Ct. at 1969, retired the common formulation that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). "[T]he factual allegations in the complaint 'must be enough to raise a right to relief above the speculative

level.'" *Killingsworth*, 507 F.3d at 618 (quoting *Twombly*, 127 S. Ct. at 1965) (other citations omitted). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 127 S. Ct. at 1974) (other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Id*. (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (internal quotations omitted)). "In addition, a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006)).

Furthermore, to the extent the Eleventh Amendment and sovereign immunity apply, the judicial defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## II. ARGUMENT:

A.  Judge Daugherty is Entitled to Absolute Judicial Immunity From Claims Arising Under Federal Law.

Judges are protected by a common law immunity from suit brought on the basis of judicial acts. *Stump v. Sparkman*, 435 U.S. 349 (1978). The immunity is overcome only where the judge's acts (1) were not taken in the judge's judicial capacity (*i.e.*, were non-judicial acts) or (2) were taken in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9 (1991).

3

The broad scope of absolute immunity is required to allow judges the freedom to determine the law unfettered by the threat of collateral attacks against the judge personally, and is justified "by the long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996) (*quoting Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)).

The immunity is not overcome by allegations that the act is illegal, unauthorized or motivated by bad faith. *Mireles*, 502 U.S. at 11. Neither is the immunity defeated by allegations that the judge conspired with non-immune persons. *Peña v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996); *John v. Barron*, 897 F.2d 1387, 1391-92 (7th Cir. 1990); *see House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1991) (conspiracy under 42 U.S.C § 1985 may not be premised on immune acts). The injurious acts alleged in this case were within Judge Daugherty's judicial capacity and were not taken in the absence of all jurisdiction. Therefore, Judge Daugherty is absolutely immune.

B. Judge Daugherty is Entitled to Judicial Immunity From Claims Arising Under State Law.

If the Court were to find the complaint states a claim for relief under Indiana law, Judge Daugherty is absolutely immune. Under *Erie,* "state rules of immunity are binding in federal court with respect to state causes of action." *Benning v. Bd. of Regents of Regency Univs.*, 928 F.2d 775, 779 (7th Cir. 1991); see also *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001); *Magdziak v. Byrd*, 96 F.3d 1045, 1048 (7th Cir. 1996).

Judicial immunity has a long history in Indiana. For example, in *State ex rel. Egan v. Wolever*, 127 Ind. 306 (1890), the Indiana Supreme Court held that a Mayor, who presided over

4

a criminal trial as the judicial officer, is absolutely immune as against a claim of false imprisonment even though he erred in denying a motion for change of venue and erroneously retained jurisdiction of the case.

That immunity remains in full force today. More than a century after that decision, in *Newman v. Dieter*, 702 N.E.2d 1093 (Ind.Ct.App. 1998), *reh. denied* 714 N.E.2d 173, *cert. denied* 528 U.S. 931 (1999), an Indiana state judge was accused of ordering the Newmans, who were before that Judge concerning an adoption, to be held in his court while the child was removed from their home. They sued for false imprisonment. The Indiana Court of Appeals held that a judge is absolutely immune as against such a claim. The Court of Appeals stated that a judge is not deprived of immunity even if the action taken is in error or is in excess of the judge's authority.

In the case of *Hupp v. Hill*, 576 N.E.2d 1320 (Ind.Ct.App. 1997), the Court of Appeals considered a case in which a judge pro tem was presented with the information necessary for the issuance of a warrant before 5:00 p.m. when the pro tem appointment expired but did not issue the warrant until after that time. The arrested person was later released without being charged. The Court of Appeals found the judge pro tem entitled to absolute judicial immunity as to claims of false arrest and false imprisonment. 576 N.E.2d at 1323.

The Court of Appeals has not cut, reduced, or restricted the immunity of judges under Indiana state law. In *Sims v. Beamer*, 757 N.E.2d 1021, 1025 (Ind.Ct.App. 2001), the Court of Appeals held that even an allegation of a conspiracy on the part of the judge does not pierce judicial immunity.

Judge Daugherty is absolutely immune as to any claim arising under Indiana law.

C.  The Official Capacity Claims Must Be Dismissed

The complaint names Judge Daugherty in his official capacity.  These claims lie against Judge Daugherty's office, the judgeship of the Jasper County Circuit Court, which he no longer holds.  Judge Daugherty's successor, Hon. John D. Potter, has been automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

The defendant named must be a "person" within the meaning of 42 U.S.C. § 1983.  While cities and counties and their departments and agencies are "persons" which can be sued, States and state agencies and state employees in their official capacities are not "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 50, 71 (1989); *AFSCME v. Tristano*, 898 F.2d 1302, 1306 (7th Cir. 1990); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990).  "Indiana law reveals that judges of Indiana's circuit, superior, and county courts are judicial officers of the State judicial system…." *Woods v. City of Michigan City*, 940 F.2d 275, 279 (7th Cir. 1991) (citing *Pruitt v. Kimbrough*, 536 F.Supp. 764, 766 (N.D. Ind.), *aff'd*, 705 F.2d 462 (7th Cir. 1982)).  The Judge of the Jasper County Circuit Court is not a "person" under Section 1983 and those claims should be dismissed.

In addition, when state officials are sued in their official capacity, the lawsuit is essentially a claim against the State itself.  The State of Indiana is entitled to sovereign immunity from suit in federal court.  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984).  This immunity applies to Defendants because they are state officials sued in their official capacity.  Sovereign immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief.  *Id*.  The also Eleventh Amendment bars suits in federal court which are brought against a state, its agencies, or state officials acting in their official capacities.

*Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir. 1997) (*citing Pennhurst*, 465 U.S. at 100-02 (1984); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992)); *Garcia v. City of Chicago,* 24 F.3d 966, 968 (7th Cir. 1994) ("The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacity.")

Because, as noted, an Indiana circuit judge is a state official, insofar as this suit lies against an Indiana circuit judge in his official capacity, the Eleventh Amendment and principles of sovereign immunity apply. No claim for damages may proceed against the Judge of the Jasper County Circuit Court. And no claim for injunctive relief is available because the complaint alleges the plaintiff's conviction for child molesting was reversed and because the complaint also alleges on remand the criminal prosecution against the plaintiff was dismissed. Thus, there is no remedy the Judge of the Jasper County Circuit Court could provide to the plaintiff, and accordingly there is no available injunctive remedy this Court could order the Judge of the Jasper County Circuit Court to provide to the plaintiff. Therefore all claims against the Judge of the Jasper County Circuit Court must be dismissed.

D.  There Is No Private Cause of Action to Assert Violations of the Indiana Constitution.

The first page of the complaint alleges Judge Daugherty violated the Plaintiff's right secured by Article I, Section 13 of the Indiana Constitution. Nowhere else in the complaint is this mentioned, so there is no notice of a claim predicated on this alleged violation. In any event, there is no cause of action.

The Indiana Supreme Court has never held that violations of the Indiana Constitution give rise to a private right of action for damages. Most recently, in *Cantrell v. Morris*, 849 N.E.2d 488, 492 (Ind. 2006), the Indiana Supreme Court determined that a terminated employee has no cause of action under Article 1, § 9 of the Indiana Constitution. The Court further addressed the broader issue of whether the Indiana Constitution generally provides a private right of action for violations and noted that Indiana has no express statutory remedy for constitutional violations by either individual officers or governmental entities, nor is there explicit language in the Indiana Constitution providing any specific remedy for constitutional violations. *Id.* at 493, 499. The Court explained that case law did not support a general proposition that the Indiana Constitution provides a damage remedy for a violation of its provisions, and the Court was skeptical that a *Bivens*-like implied damages remedy for a constitutional tort exists, and even tended to reject the notion. *Id.* at 500 and 507.

Based upon the Indiana Supreme Court's discussion and analysis in *Cantrell*, this Court should not permit the plaintiff to proceed on any claim based upon an alleged violation of the Indiana Constitution because no such cause of action exists.

E. The Plaintiff's Claims Are Time-Barred.

The applicable statute of limitation for a cause of action under Section 1983 is two years. The injurious acts alleged by the plaintiff occurred far earlier than two years prior the filing of this lawsuit on November 4, 2009. Defendant Jasper County has raised the statute of limitation defense in its motion to dismiss and supporting memorandum (dkt nos. 17 and 18). The points raised and arguments made by Defendant Jasper County are sound, and the judicial defendants incorporate them by reference.

## III.  CONCLUSION

For the foregoing reasons, the plaintiff's complaint should be dismissed.

                                  Respectfully submitted,

                                  GREGORY F. ZOELLER
                                Attorney General of Indiana
                                Attorney No. 1958-98

By:    *s/Eric J. Beaver*
        Eric J. Beaver
        Deputy Attorney General
        Atty. No. 25479-49

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2009, I electronically filed the foregoing using the CM/ECF system. Notice will be sent to the following by operation of the Court's electronic filing system:

| | |
|---|---|
| Elizabeth A. Knight | Jeanne M. Anderson |
| Knight, Hoppe, Kurnik & Knight, Ltd. | Knight, Hoppe, Kurnik & Knight, Ltd. |
| Email: Eknight@khkklaw.com | Email: Janderson@khkklaw.com |

I also certify that on December 23, 2009, a copy of the foregoing was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following non-CM/ECF participants:

Timothy Turngren
6645 Simpson Rd.
Rockford, IL 61102

                       /s/ Eric J. Beaver
                       Eric J. Beaver
                       Deputy Attorney General

Office of Attorney General
Indiana Government Center South – 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone:     (317) 232-5683
Fax:                 (317) 232-7979
Email: eric.beaver@atg.in.gov
[686671]