UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| TIMOTHY TURNGREN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:09 CV 81 |
| THE HONORABLE DUANE DAUGHERTY, in his individual capacity, THE HONORABLE JOHN D. POTTER, in his official capacity, and JASPER COUNTY, INDIANA, | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on the motions of defendants Jasper County (DE # 17) and the Honorable Duane Daugherty and the Honorable John D. Potter (DE # 20) to dismiss the claims against them pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). For the reasons set forth below, the motions are granted.

**I.      BACKGROUND** [1]

In 2005, the State of Indiana charged plaintiff Timothy Turngren, a resident of Rockford, Illinois, with child molestation and sexual misconduct with a minor. At his initial hearing, Turngren appeared before the Honorable Duane Daugherty, who has been named as a defendant in this case, in the Jasper County Circuit Court in Indiana. At that time, Turngren requested court-appointed counsel because he could not afford

---

[1] For purposes of deciding defendants' RULE 12(b)(6) motions, the court accepts Turngren's version of the events as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

his own, but Judge Daugherty denied the request because he believed Turngren had the means with which to borrow money.

Turngren represented himself *pro se* at trial in August of 2005, and was found guilty of child molestation but was acquitted of sexual misconduct with a minor. Turngren also appeared *pro se* at his sentencing and received four years of incarceration, one year of which was suspended. Turngren appealed to the Indiana Court of Appeals, which reversed the conviction in August of 2006 on the grounds that Judge Daugherty failed to appoint counsel for Turngren. The matter was remanded to the Jasper County Circuit Court. In December of 2007 the information against Turngren was dismissed.

On November 4, 2009, Turngren filed a *pro se* complaint in this court against Judge Daugherty and Jasper County seeking damages for alleged violations of his constitutional rights to representation by counsel and due process. (DE # 1.) Thereafter, Judge Daugherty's service to the Jasper County Circuit Court ended, and the Honorable John D. Potter, who assumed Judge Daugherty's position on the bench, was substituted in this matter pursuant to FEDERAL RULE OF CIVIL PROCEDURE 25(d) for purposes of any official capacity claims against Judge Daugherty. (DE # 19.) Judge Daugherty remained a defendant in this case for purposes of any individual capacity claims against him. Jasper County moved to dismiss the claims against it (DE # 17), as did Judge Daugherty and Judge Potter (DE # 20). Turngren responded to these motions (DE # 27), and the defendants replied (DE ## 28, 29). Because the motions are fully briefed, they are ripe for ruling.

2

## II. LEGAL STANDARD

Turngren filed his complaint and his brief in response to defendants' motions to dismiss *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). For this reason, the court will construe Turngren's filings liberally in deciding the present motions.

Defendants have moved to dismiss Turngren's claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

### III. DISCUSSION

At the outset, the court notes that all of the defendants contend, in their motions to dismiss, that Turngren's claims should fail because he filed them in excess of the statute of limitations. The court does not address this question because as outlined below the substance of Turngren's complaint, even if it were timely filed, fails to state a claim against any defendant.

Turngren's lawsuit alleges violations of his constitutional rights. The vehicle for remedying constitutional violations via a civil suit in federal court is Title 42, Section 1982. A word about the Section 1983 lawsuit against Judge Daugherty is in order. A Section 1983 plaintiff may sue an individual in his "official capacity," in his "individual" capacity, or both. The Supreme Court has described the difference between the two capacities as follows: "Personal- capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official capacity suits, in contrast, generally represent only another way of pleading an action against the entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citations and internal quotation marks omitted). Turngren's complaint, liberally construed, can be read to assert claims against Judge Daugherty in both his individual and his official capacities. Accordingly, the court proceeds as though Turngren intended to make both types of claims.

A.  **Individual capacity claim against Judge Daugherty**

The court first addresses Turngren's claim against Judge Daugherty in his individual capacity. This type of claim, if successful, holds government officials personally liable for their actions. *Graham,* 473 U.S. at 165. In the case of judges, it is well established that they are protected by absolute judicial immunity from lawsuits seeking damages. *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978). The United States Supreme Court, in describing the rationale behind judicial immunity, acknowledged that historically it has been regarded as a "'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 355 (quoting *Bradley v. Fisher,* 13 Wall. 335, 347, 20 L. Ed. 646 (1872), alteration in *Sparkman*).

Judicial immunity is clearly applicable in cases, such as this one, which seek redress for constitutional violations pursuant to Section 1983. *Id.* at 356; *Pierson v. Ray,* 386 U.S. 547, 554-55 (1967). The Supreme Court has recognized only two instances in which judicial immunity is inapplicable. "First a judge is not immune from liability for non-judicial actions, i.e. actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions though judicial in nature, taken in the complete absence of all jurisdictions." *Mireles v. Waco,* 502 U.S. 9, 11 (1991).

As to the first exception, three factors generally govern the determination of whether a particular act or omission was taken in a judicial capacity: (1) whether the act

or decision involved the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge. By way of example, courts have held that a judge's decision to set bail is an act done in a judicial capacity, *Smith v. City of Hammond*, 388 F.3d 304 (7th Cir. 2004), while the act of terminating a court reporter is not. *McMillan v. Svetanoff*, 793 F.2d 149, 155 (7th Cir. 1986).

Judge Daugherty's decision to deny Turngren's request for appointment of counsel involved the exercise of judgment, is the type of decision normally made by a judge, and was the made under circumstances in which both parties were obviously dealing with the judge as a judge. The fact that Judge Daugherty may have erred does not change the judicial nature of his act. "[A] judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors." *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000).

The second exception to the general rule of absolute judicial immunity denies protection to judges acting without jurisdiction. Though cases where judges have been stripped of immunity under this exception are relatively rare, the exception has been applied where, for example, a judge has assumed authority outside of the geographic bounds of his office, *Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir. 1988) (town justice issued warrants for crimes committed in non-adjoining town), or performed an act not

included in his statutory grant of powers, *Brewer v. Blackwell,* 692 F.2d 387, 397 (5th Cir. 1982) (justice of peace tried plaintiffs for criminal offense, when his authority extended only to trying minor civil cases and limited involvement in criminal cases). Turngren has not made, and cannot make, any claim that Judge Daugherty lacked jurisdiction to rule on Turngren's motion to appoint counsel. The second exception to the doctrine of absolute judicial immunity does not apply in this case.

Turngren argues that absolute immunity cannot apply when an individual's constitutional rights have been violated. However, courts have repeatedly held that judicial immunity applies in cases involving alleged violations of constitutional rights. *See, e.g., Sparkman,* 435 U.S. 349; *Smith,* 388 F.3d 304. Turngren has also cited *Pulliam v. Allen,* 466 U.S 522 (1984), in support of his argument on this point, but he has omitted words from his quotation of the *Pulliam* decision which would have revealed *Pulliam's* true holding: that there exists no judicial immunity *from prospective injunctive relief.* 466 U.S. at 541-52. Turngren seeks only damages, and therefore judicial immunity is available.[2] *See Sparkman,* 435 U.S. at 355-56. Turngren's individual capacity claim against Judge Daugherty is dismissed.

---

[2] In any event, Congress modified the principle set forth in *Pulliam* in a 1996 amendment to Section 1983, which states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall *not* be granted *unless* a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (emphasis added).

### B. Official capacity claim against Judge Daugherty

The court has construed Turngren's allegations to also include a claim against Judge Daugherty in his official capacity. Because Judge Daugherty is no longer a judge of the Jasper County Circuit Court, his successor, Judge Potter, was substituted in this matter for purposes of the official capacity claim pursuant to FEDERAL RULE OF CIVIL PROCEDURE 25(d). (DE # 19.) Judges of Indiana's circuit courts are officers of the state judicial system. *Woods v. City of Michigan City, Ind.,* 940 F.2d 275, 279 (7th Cir. 1991). When a state official is sued in his official capacity, the lawsuit is essentially one against the state itself. *Power v. Summers,* 226 F.3d 815, 818 (7th Cir. 2000). Section 1983 does not authorize suits against states, because the states are not "persons" able to be sued within the statute's meaning. *Id.* Further, suits against the states are barred by the Eleventh Amendment. *Id.*; U.S. Const. Am. XI. For these reasons, Turngren's official capacity claim against Judge Daugherty, substituted by Judge Potter, is dismissed.

### C. Claims against Jasper County

Unlike states, municipalities like counties are not protected by the Eleventh Amendment from being sued in federal court. *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658 (1978). However, a municipality can only be held liable under Section 1983 if it causes the constitutional violation at issue via an action committed pursuant to an official municipal policy. *Woods,* 940 F.2d at 278. The acts of municipal government officials will suffice under this standard when they "may be fairly said to represent official policy." *Id.*

Turngren's complaint does not allege any facts which suggest any wrongful actions on the part of county officials. Turngren alleges that Judge Daugherty ruled against him, thus depriving him of his civil rights, but as explained above Judge Daugherty is a state official, not a county official. Turngren may not sue the county for the actions or inactions of a state official like Judge Daugherty. *Woods*, 940 F.2d at 279 (holding that Indiana city and county were not liable for alleged actions of Indiana state court judge because judge was a state official). Thus, Turngren's suit against Jasper County is dismissed.

### IV.    MISCELLANEOUS MATTERS

One other matter needs to be addressed so that this case may be closed. Turngren filed a motion for clerk's entry of default against Judge Daugherty for failure to answer to Turngren's complaint. (DE # 31.) However, Judge Daugherty timely filed a motion to dismiss Turngren's complaint. (DE # 20.) Under the FEDERAL RULES OF CIVIL PROCEDURE, this action delayed the deadline for service of an answer until 14 days after notice of this court's decision on the motion to dismiss. FED. R. CIV. P. 12(a)(4). In any event, as explained herein the court is granting Judge Daugherty's motion to dismiss, so no answer is required. Turngren's motion for clerk's entry of default against Judge Daugherty is denied.

### V.    CONCLUSION

The court is cognizant of Turngren's *pro se* status, and has noted his concern that he has been "severely handicapped by a lack of legal training and resources." (DE # 27-

1 at 9.) However, the court's decision does not rest on some technical deficiency or any shortcomings resulting from a lack of legal training. Rather, the substance of Turngren's allegations simply presents no facts for which relief may be granted. Accordingly, the court **GRANTS** the motions of Jasper County (DE # 17) and Hon. Duane Daugherty and Hon. John D. Potter (DE # 20) to dismiss the claims against them. Further, Turngren's motion for clerk's entry of default against Judge Daugherty is **DENIED**. (DE # 31.)

There being no claims remaining against any defendants in this case, the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendant The Honorable Duane Daugherty in his individual capacity, in favor of defendant The Honorable John D. Potter in his official capacity, in favor of Jasper County Indiana, and against plaintiff Timothy Turngren, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: March 14, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT